# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:13-cr-20127-JPM-dkv-1 |
| LEONARDO WILLIAMS, | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE RECOMMENDATION; ADOPTING IN PART AND REJECTING IN PART THE REPORT; DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND AMENDED MOTION TO SUPPRESS EVIDENCE**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Suppress Evidence (the "Report and Recommendation"), filed on May 19, 2014. (ECF No. 78.) In the Report and Recommendation, the Magistrate Judge recommends "that [Defendant]'s motion and amended motion to suppress be denied." (Id. at 32.)

On June 2, 2014, the Court granted Defendant an extension of time in which to file a response to the Report and Recommendation. (ECF No. 84.) Defendant, through counsel, filed objections to the Report and Recommendation on June 8, 2014.[1] (ECF No. 85.)

---

[1] Although the Court ordered Defendant's objections to the Report and Recommendation be filed on or before June 6, 2014, Defendant filed his objections two days later, on June 8, 2014. In the interest of reaching the merits of the case, the Court allows the objections be filed.

For the reasons stated below, the Court ADOPTS the Recommendation in its entirety and ADOPTS IN PART and REJECTS IN PART the Report (ECF No. 78). Accordingly, Defendant's Motion to Suppress Evidence (ECF No. 19) and Amended Motion to Suppress Evidence (ECF No. 61) are hereby DENIED.

## I.    BACKGROUND

On March 28, 2013, the Government filed a two-count Indictment against Defendant. (ECF No. 2.) On December 12, 2013, the Government filed a five-count Third Superseding Indictment alleging the following facts and charges against Defendant. (ECF No. 44 (sealed).)

Counts One and Two allege that, on or about September 13 and September 18, 2012, Defendant possessed with the intent to distribute, and did distribute, cocaine, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1). (Id. at 1-2.)

Counts Three, Four, and Five allege crimes committed on September 20, 2012. (Id. at 2-3.) Count Three charges Defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, with the possession of a firearm in violation of 18 U.S.C. § 922(g). (Id. at 2.) Count Four charges Defendant, pursuant to 21 U.S.C. § 841(a)(1), with possession with the intent to distribute approximately nineteen (19) grams of cocaine, a Schedule II

controlled substance.  (Id.)  Count Five charges Defendant,
pursuant to 18 U.S.C. § 924(c), with possession of a firearm in
furtherance of a drug trafficking crime.  (Id. at 3.)

On December 18, 2013, Defendant was arraigned on the Third
Superseding Indictment.  (Min. Entry, ECF No. 47.)  At that
time, Defendant waived formal reading of the charges and entered
a plea of not guilty on all counts.  (Id.)  The Court issued a
Scheduling Order on July 26, 2013 (ECF No. 18), and a Revised
Scheduling Order on October 23, 2013 (ECF No. 29).

On August 29, 2013, Defendant filed a Motion to Suppress
Evidence on Fourth Amendment grounds.  (See ECF No. 19.)
Specifically, Defendant alleged that his Fourth Amendment right
"against unreasonable searches and seizures . . . but upon
probable cause" was violated when Criminal Court Judge Coffee
issued a search warrant "based upon flawed, unreliable
information," and when police officers stopped Defendant's
vehicle and detained him without "probable cause to believe that
a traffic violation was committed."  (Id. at 2-3; see also U.S.
Const. amend. IV.)  On September 3, 2013, the Court referred
Defendant's Motion to Suppress to Magistrate Judge Diane K.
Vescovo for a Report and Recommendation.  (ECF No. 20.)

On October 22, 2013, the Government filed a response to
Defendant's Motion.  (ECF No. 27.)  The Government contended
that the affidavit in support of the warrant "provided more than

3

ample probable cause to justify issuance of a search warrant."
(Id. at PageID 39-40.) Additionally, the Government contended
that, in accordance with the United States Supreme Court's
decision in Michigan v. Summers, 452 U.S. 692, 705 (1981),
Defendant was properly detained in the "immediate vicinity" of
his residence, where law enforcement was in the process of
executing a search warrant based on probable cause. (Id. at
PageID 38.)

On February 14, 2014, Defendant filed an Amended Motion to
Suppress Evidence on Fifth Amendment grounds. (See ECF No. 61.)
Specifically, Defendant argued that discrepancies in the
reported amount and composition of physical evidence "[call]
into question whether the substance recovered is in fact the
same substance that is in the property and evidence room." (Id.
at 3.) Defendant, therefore, argued that "[t]he government
should be compelled to present evidence to establish the
veracity and preservation of the evidence in order to protect
[Defendant's] due process rights." (Id.)

The Government timely filed a response to Defendant's
Amended Motion to Suppress on February 21, 2014. (ECF No. 65.)
The Government argued that "[c]hain of custody issues are jury
questions and the possibility of a break in the chain of custody
of evidence goes to the weight of the evidence, not its
admissibility." (Id. at 3.) Furthermore, the Government argued

4

that the discrepancies in the reports prepared by the Memphis
Police Department and the Tennessee Bureau of Investigation can
reasonably be attributed to procedural variations in the labs'
testing methods.  (Id. at 4-5.)

On March 10, 2014, the Magistrate Judge held a hearing on
Defendant's Motion to Suppress and Amended Motion to Suppress.
(Min. Entry, ECF No. 66.)

## II.  STANDARD OF REVIEW

### A.    Report and Recommendation

Pursuant to federal statute,

[a]  judge of the court shall make a de novo determination
of those portions of the report or specified proposed
findings or recommendations to which objection is made.  A
judge of the court may accept, reject, or modify, in whole
or in part, the findings or recommendations made by the
magistrate judge.  The judge may also receive further
evidence or recommit the matter to the magistrate judge
with instructions.

28 U.S.C. § 636(b) (2006); accord Fed. R. Civ. P. 72(b)(3).  The
portions of the Report and Recommendation to which no objections
were timely filed are reviewed for clear error.  See Fed. R.
Civ. P. 72(b) advisory committee notes (1983 Addition),
Subdivision (b).

### B.    Probable Cause

The Fourth Amendment to the United States Constitution
guarantees that one's right "against unreasonable searches and
seizures, shall not be violated, and no warrants shall issue,

but upon probable cause." U.S. Const. amend. IV. The United States Court of Appeals for the Sixth Circuit has defined probable cause as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion, and is said to exist when there is a <u>fair probability</u>, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." <u>United States v. Stubblefield</u>, 682 F.3d 502, 507 (6th Cir. 2012) (quoting <u>United States v. Howard</u>, 621 F.3d 433, 453 (6th Cir. 2010)) (internal quotation marks omitted). Furthermore, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." <u>United States v. Lapsins</u>, 570 F.3d 758, 764 (6th Cir. 2009) (quoting <u>Illinois v. Gates</u>, 462 U.S. 213, 244 n.13 (1983)).

### 1. Search Warrants

When determining whether probable cause exists to support a search warrant, the court asks whether, "given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Ellison v. Balinski</u>, 625 F.3d 953, 958 (6th Cir. 2010) (quoting <u>Gates</u>, 462 U.S. at 238). "The affidavit must establish a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will

be found in the place searched." Id. (citing United States v. Carpenter, 360 F.3d 591, 594-95 (6th Cir. 2004) (en banc)).

"[A] judicial officer may rely on hearsay evidence" to establish probable cause. United States v. Helton, 314 F.3d 812, 819 (6th Cir. 2003) (citing United States v. Smith, 182 F.3d 473, 477 (6th Cir. 1999)). When hearsay information from a confidential informant forms part of the basis for a search warrant, "a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information." Id.

### 2. Vehicle Stops

"[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful." United States v. Gross, 550 F.3d 578, 583 (6th Cir. 2008) (quoting United States v. Freeman, 209 F.3d 464, 466 (6th Cir. 2000)) (internal quotation marks omitted). In determining whether probable cause existed for the stop, the court focuses "on whether this particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop." United States v. Hughes, 606 F.3d 311, 316 (6th Cir. 2010) (quoting United States

v. Ferguson, 8 F.3d 385, 391 (6th Cir. 1993) (en banc))
(internal quotation marks omitted).

### C. Due Process

The Fifth Amendment to the United States Constitution
guarantees that one shall not be "deprived of life liberty, or
property, without due process of law." U.S. Const. amend. V.
Additionally, the Federal Rules of Evidence provide that, "[t]o
satisfy the requirement of authenticating or identifying an item
of evidence, the proponent must produce evidence sufficient to
support a finding that the item is what the proponent claims it
is." Fed. R. Evid. 901(a).

"Physical evidence is admissible when the possibilities of
misidentification or alteration are 'eliminated, not absolutely,
but as a matter of reasonable probability.'" United States v.
Allen, 106 F.3d 695, 700 (6th Cir. 1997) (quoting United States
v. McFadden, 458 F.2d 440, 441 (6th Cir. 1972)). When no
evidence has been offered to indicate that exhibits have been
tampered with, "courts presume public officers have discharged
their duties properly." Id. (citing United States v. Aviles,
623 F.2d 1192, 1197-98 (7th Cir. 1980)). "Chain of custody
issues are jury questions and the possibility of a break in the
chain of custody of evidence goes to the weight of the evidence,
not its admissibility." United States v. Allen, 619 F.3d 510,
525 (6th Cir. 2010) (citing Allen, 106 F.3d at 700).

## III. ANALYSIS

The Magistrate Judge recommends that the Court deny Defendant's Motion to Suppress evidence obtained during the execution of an invalid search warrant, Defendant's Motion to Suppress evidence obtained during the execution of an improper vehicle stop, and Defendant's Motion to Suppress evidence that has been mishandled or unsecured while in the custody of the Memphis Police Department. (See ECF No. 78.) In his Objections to the Report and Recommendation, Defendant specifically objects to the Magistrate Judge's recommendation that his Motion to Suppress evidence that was mishandled, tainted, or unsecured be denied. (See ECF No. 85 at 3-4.) Additionally, Defendant objects generally to the entire Report and Recommendation due to certain alleged inaccuracies in Magistrate Judge's factual findings. (See id. at 2.) In an abundance of caution, the Court considers de novo each of the Magistrate Judge's three recommendations. The Court then addresses separately Defendant's challenge to the factual findings of the Report and Recommendation.

### A. Defendant's Motion to Suppress Evidence Collected in the Course of Executing an Invalid Search Warrant Should Be Denied.

The Magistrate Judge found that Defendant's Motion to Suppress should be denied because "Agent [Mark] Chism's sixteen-paragraph affidavit in support of the search warrant provides

9

more than ample particularized facts and circumstances to
support Judge [Lee] Coffee's issuance of the search warrant on
probable cause." (ECF No. 78 at 22.) Additionally, the
Magistrate Judge found that "the affidavit specifically states
that the [confidential informant ("CI")] has cooperated with the
[Violent Crime and Drug Task Force ("VCDTF")] in prior
investigations . . . [, and] also states in great detail each
step of the investigation of Williams." (Id.) Because,
"[b]ased on the totality of these circumstances, Judge Coffee
properly found that there was a fair probability that contraband
or evidence of a crime would be found at Williams's residence,"
the Magistrate Judge recommends that the Court deny Defendant's
Motion to Suppress. (Id. at 23.)

     While Defendant does not specifically dispute the
Magistrate Judge's findings of fact or proposed conclusions of
law regarding the propriety of the search warrant, Defendant
objects generally to the Magistrate Judge's recommendation
because "mistakes as to the facts of this case add up over time
to call into question whether the Magistrate Court's
recommendations should be accepted." (ECF No. 85 at 2.)

     The Court agrees with the Magistrate Judge and finds that
Agent Chism's affidavit in support of a search warrant provided
Judge Coffee sufficient probable cause to issue the warrant.

In his Motion to Suppress, Defendant argues that Criminal Court Judge Lee Coffee "issued the warrant based upon flawed, unreliable information from Special Agent Chism and his supposed confidential informant." (ECF No. 19 at 2.) Defendant asserts that "[t]here has been no evidence presented to the defense of the identity of the confidential informant or his or her veracity, and no recordings produced of any investigation or criminal activity observed by that informant." (Id.) Defendant, therefore, argues that "Judge Coffee did not have sufficient probable cause to issue the search warrant." (Id. at 2-3.)

The Supreme Court, however, has held that "[t]here is . . . a presumption of validity with respect to the affidavit supporting the search warrant." Franks v. Delaware, 438 U.S. 154, 171 (1978). The fact that a warrant affidavit carries a "presumption of validity" does not mean that "every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." Id. at 165. Rather, a court presumes that the information produced in a sworn affidavit "is believed or appropriately accepted by the affiant as true." Id. The Fourth Amendment requires, then, that a warrant affidavit "set forth

11

particular facts and circumstances underlying the existence of
probable cause, so as to allow the magistrate to make an
independent evaluation of the matter." Id.

In the instant case, Agent Chism based his warrant
affidavit, in part, on information provided by a confidential
informant. (See Suppression Hr'g Ex. 1.) In the affidavit,
Agent Chism specifically stated that he "considers this
cooperating individual reliable based on past investigations
[he] has worked based on this cooperating individual's
information and services." (Id. ¶ 5.) The affidavit lists a
number of "investigations based on the cooperating individual's
information and services [that] have lead [sic] to the seizure
of marijuana, illicit pharmaceuticals, cocaine, and illegally
owned weapons," among others. (Id.) The Court, therefore,
agrees with the Magistrate Judge's finding that the warrant
affidavit contained sufficient facts and circumstances from
which Judge Coffee could make an independent determination
regarding the reliability of the confidential informant. (See
ECF No. 78 at 22-23.)

Additionally, the affidavit details the steps taken during
the investigation of Defendant. (See Suppression Hr'g Ex. 1
¶¶ 6-16.) It explains how the CI "told [Agent Chism] that
recently he was inside [Defendant]'s residence . . . and
observed several ounces of cocaine being stored there," and how

"the reliable CI placed a recorded phone call to [Defendant]" to "set up a purchase of an '8 ball' of cocaine." (Id. ¶¶ 6-8.) It explains how, on two separate occasions, "the reliable CI was given funds that had been photocopied" with which to purchase cocaine from Defendant and "was equipped with an electronic recorder/transmitter also." (Id. ¶ 11.) Both of those operations yielded significant samples that tested positive for cocaine. (Id. ¶¶ 13, 16.)

The Court, therefore, agrees that Agent Chism's warrant affidavit provided Judge Coffee "a substantial basis to believe that the things to be seized [would] be found in the place searched." Ellison, 625 F.3d at 958. Accordingly, the Court ADOPTS the Magistrate Judge's recommendation that the Defendant's Motion to Suppress be denied and OVERRULES Defendant's objection.

**B. Defendant's Motion to Suppress Evidence Collected as a Result of an Improper Vehicle Stop Should Be Denied.**

The Magistrate Judge found that "the stop of [Defendant]'s vehicle was proper because the agents had probable cause to arrest Williams based on his revoked or suspended license." (ECF No. 78 at 24.) Even though "it is possible that the officers invoked the 'immediate vicinity' doctrine" articulated in Summers, 452 U.S. 692, 705 (1981),[2] the Magistrate Judge found

_____

[2] (See Response to Motion to Suppress, ECF No. 27 at PageID 38 ("The defendant's detention was justified under Michigan v. Summers, 452 U.S. 692

that "the testimony of Agent Chism showed that the agents in fact stopped Williams's vehicle to arrest him for his license status." (Id.)

While Defendant generally disputes the Report and Recommendation, he does not directly dispute the factual findings or proposed legal conclusions of the Magistrate Judge with regard to the vehicle stop. (See ECF No. 85.) Again, Defendant only points to alleged inaccuracies in the report and, therefore, asks the Court to reject the entire Report and Recommendation. (See id. at 2.)

The Court agrees with the Magistrate Judge that uncontroverted testimony established that the vehicle stop was proper because the agents had probable cause to believe that Defendant was driving with a revoked or suspended license.

At the January 27, 2014, hearing, Agent Chism testified on direct examination that he had become aware that Defendant had a revoked or suspended driver's license prior to the vehicle stop on September 20, 2012. (See Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 30:10-31:5.) He testified that he had checked the State of Tennessee Department of Safety Portal, which he testified is "the most accurate [database]" that law enforcement can use to determine the status of one's driver's

---

(1981), consistent with the Supreme Court's recent decision in United States v. Bailey, __ U.S. __, 133 S.Ct 1031 (2013), as the defendant was on Dupont Avenue driving toward his house and therefore detained in the 'immediate vicinity' of the residence.").)

license.  (Id. at 30:13-19.)  Furthermore, Agent Chism testified
that the revoked or suspended license was "one of the reasons"
Defendant "was detained and placed under arrest."  (Id. at
31:10-14.)  Agent Mike Ciesliga corroborated Agent Chism's
testimony on cross-examination during the hearing on March 10,
2014.  (See Suppression Hr'g Tr. Mar. 10, 2014, ECF No. 72 at
70:1-8.)

The Court agrees with the Magistrate Judge's finding that
the testimony of Agents Chism and Ciesliga is credible.
Furthermore, the Court agrees that the status of Defendant's
license on the State of Tennessee Department of Safety Portal
gave the agents reasonable grounds to believe that Defendant was
driving with a revoked or suspended driver's license.  The
Court, therefore, agrees that the vehicle stop was proper
because the agents had probable cause.  Accordingly, the Court
ADOPTS the Magistrate Judge's recommendation that Defendant's
Motion to Suppress be denied and OVERRULES Defendant's
objection.

### C.    Defendant's Motion to Suppress Physical Evidence that was Mishandled, Tainted, or Unsecured Should Be Denied.

Finally, the Magistrate Judge recommends that Defendant's
Motion to Suppress certain physical evidence in the custody of
the police should be denied because the Government "only charges
[Defendant] with possession with intent to sell 19 grams of

cocaine[,]" an amount that falls within each of the various reported amounts. (ECF No. 78 at 27.) The Magistrate Judge, therefore, found that "the total amount of cocaine seized in excess of 19 grams is not at issue in the trial phase of this case." (Id.) Moreover, the Magistrate Judge "found credible Agent Chism and Agent Ciesliga's testimony that explained why the various reports describe the exhibits differently and contain different measurements." (Id.)

In his Objections to Report and Recommendations, Defendant argues that the Court "should be most wary to accept the recommendation that the chain of custody in this case was sufficiently reliable" for three reasons. (ECF No. 85 at 3.) First, he argues that the Magistrate Judge impermissibly "accepted the speculations and assumptions [of Agent Chism] as fact[.]" (Id.) Second, he argues that the Court "seemingly ignored the discrepancies between the stories of Agents Chism and Ciesliga." (Id.) Finally, Defendant argues that "the discrepancies in weights of drugs, discrepancies in positive versus negative test results of these drugs, and the changing of certain substances listed from 'cocaine' to 'ecstasy'" should be regarded as "evidence of mishandling." (Id.)

Because Due Process requires only that "the possibilities of misidentification or alteration" of physical evidence be "eliminated . . . as a matter of reasonable probability," the

16

Court disagrees with Defendant's argument that the Court improperly relied on the testimony of Agent Chism as to the discrepancies in the reports. <u>Allen</u>, 106 F.3d at 700 (quoting <u>McFadden</u>, 458 F.2d at 441).

In his testimony at the January 27, 2014, and March 10, 2014, hearings, Agent Chism offered his opinion as to what caused the discrepancy in the number and weight of the exhibits between the reports of the MPD and the TBI. (<u>See</u> Suppression Hr'g Tr. Jan. 27, 2014, Suppression Hr'g Tr. Mar. 10, 2014, ECF Nos. 71, 72.) He testified on cross-examination that "sometimes [the MPD] put a bag inside another bag, and so TBI may say, well, that's just one bag when actually it's two bags." (Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 64:17-19.) The TBI, therefore, might count the exhibits in a different way, leading to a different number of exhibits. (<u>See</u> <u>id.</u>) Agent Ciesliga corroborated this testimony on cross-examination. (<u>See</u> Suppression Hr'g Tr. Mar. 10, 2014, ECF No. 72 at 74:3-10.) Further, Agent Chism testified that, sometimes, the TBI does not even test all of the exhibits given to them by the MPD. (<u>See</u> Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 66:14-15.)

Additionally, Agent Chism testified that the difference in weight between the two reports might be attributed to the bag that contained the powder. (<u>See</u> Suppression Hr'g Tr. Mar. 10, 2014, ECF No. 72 at 37:21-38:10.) He testified that the MPD

property room weighs the evidence together with the packaging, and that the weight of that packaging would reasonably account for the difference in the labs' calculations.  (See id.; see also Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 83:6-11.) Agent Ciesliga also testified that the MPD property room calculates gross weights, including packaging, when weighing exhibits.  (See Suppression Hr'g Tr. Mar. 10, 2014, ECF No. 72 at 63:4-14.)  In the absence of any evidence indicating a break in the chain of custody or tampering with the exhibits, the Magistrate Judge found this testimony a reasonable explanation of the discrepancies between the reports.  (See ECF No. 78 at 32.)  The Court agrees.

Defendant argues that the Magistrate Judge "seemingly ignored the discrepancies between the stories of Agents Chism and Ciesliga."  (ECF No. 85 at 3.)  Specifically, Defendant argues that the Magistrate Judge inaccurately found that "Agent Ciesliga testified that he also handled Exhibit 001-d, the bag of ecstasy described as 'Tablets,' to physically manipulate it while still inside the bag."  (ECF No. 78 at 18-19.)  Defendant argues that "Agent Ciesliga testified that he did not handle a bag of controlled substance on the day" in question.  (ECF No. 85 at 3.)

The Court agrees with Defendant that the Magistrate's finding is inaccurate.  The record shows that, during the

18

March 10, 2014, hearing, Agent Ciesliga did not claim to have handled Exhibit 001-d. (See Suppression Hr'g Mar. 10, 2014, ECF No. 72.) Additionally, Agent Ciesliga testified that Exhibit 001-a was the only exhibit produced for testing that day, whereas Agent Chism testified that he himself had handled Exhibit 001-d, the bag of MDMA. (See id. at 75:25-76:9; Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 72:15-19.)

The Court finds that this factual inaccuracy does not affect the legal conclusion of the Magistrate Judge as to the admissibility of the evidence. The Court agrees with the Magistrate Judge's unwillingness "to assume that because Agent Ciesliga did not know whether Agent Chism or the lab technician handled the evidence, the evidence is somehow unreliable." (ECF No. 78 at 31.) Moreover, the Government has not charged Defendant with possession of the contents in Exhibit 001-d, which is the only exhibit about which Defendant argues that the agents' testimonies conflict. (See Third Superseding Indictment, ECF No. 44.) Accordingly, the Court ADOPTS the Magistrate Judge's Recommendation that Defendant's Motion to Suppress evidence be denied and OVERRULES Defendant's objection.

### D. Defendant's General Objection Based on Factual Inaccuracies in the Magistrate Judge's Report.

Defendant points to several alleged factual inaccuracies in the Report to support his general objection to the Report and

Recommendation.  (See ECF No. 85.)  Specifically, Defendant
argues that the Magistrate Judge's finding that "agents 'wired
the CI with audio and visual surveillance' . . . was not true
[because] no video recording were [sic] ever made."  (Id. at 2
(quoting ECF No. 78 at 6).)  Additionally, Defendant disputes
the Magistrate Judge's finding that, "on September 18, 2012,
Agent Chism was brought drugs from an alleged sale and . . .
'after the sale (he) took the purchased substance to the
property room, where it field tested positive for cocaine.'"
(Id. (quoting ECF No. 78 at 7).)  Defendant argues that this
factual finding was "not exactly accurate" because "Agent Chism
testified that he tested to [sic] cocaine using a field test kit
and then it was tested again at the Memphis Police Department."
(Id.)  These factual inaccuracies, Defendant argues, demonstrate
that the Magistrate Judge's recommendations "seem to be based on
misperceptions of what exactly happened on the days in question
regarding the 'surveillance' and search of the defendant."
(Id.)  Defendant, therefore, asks the Court to reject the
Magistrate Judge's Report and Recommendation.  (Id. at 4.)

     After reviewing the record, the Court agrees with Defendant
that certain factual findings contained in the Magistrate
Judge's report are inaccurate.  (ECF No. 85 at 2.)  The Court
already found that the Magistrate Judge's finding that Agent
Ciesliga had testified to handling certain evidence was

20

inaccurate. (See id. at 3.) Additionally, the Court finds that
the Magistrate Judge's finding that "[a]gents wired the CI with
audio and visual surveillance" was not entirely accurate. (See
ECF No. 78 at 6.) Rather, the record shows that Agent Chism
wired the CI with audio surveillance technology and visually
surveilled the CI from a position outside Defendant's residence.
(See Suppression Hr'g Tr. Jan. 27, 2014, ECF No. 71 at 24:10-14,
42:23-43:3.)

Defendant also disputes the Magistrate Judge's finding that
Agent Chism "took the purchased substance to the property room,
where it field tested positive for cocaine" because, to be a
field test, it must be conducted "in the field." (ECF No. 85 at
2.) The Court disagrees with Defendant and finds this fact
supported by Agent Chism's testimony. (See Suppression Hr'g Tr.
Jan. 27, 2014, ECF No. 71 at 25:5-7 ("I don't know if they were
field tested by myself at that time, but they were definitely
field tested when we took them to the MPD property room.")
(emphasis added).)

Accordingly, the Court ADOPTS IN PART the Magistrate
Judge's Report and REJECTS IN PART the Magistrate Judge's Report
as to the two inaccurate facts referenced above.

The Court disagrees with Defendant's assertion that these
factual inaccuracies entirely undermine the validity of the
Magistrate Judge's legal conclusions. (See ECF No. 85 at 2.)

The Court finds these factual findings immaterial to the Magistrate Judge's legal conclusions and, therefore, ADOPTS her Recommendations in their entirety.

## IV. CONCLUSION

For the reasons stated above, the Recommendation (ECF No. 78) is ADOPTED in full, and the Report is ADOPTED IN PART and REJECTED IN PART. Accordingly, Defendant's Motion to Suppress Evidence (ECF No. 19) and Amended Motion to Suppress Evidence (ECF No. 61) are DENIED.

**IT IS SO ORDERED,** this 1st day of July, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE